IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| IGNITE RESTAURANT GROUP, INC., et al, § | § | Chapter 11 |
| § | | |
| *Debtors* § | § | Case No.  17-33550 (DRJ) |
| _____ § | | |
| § | | |
| DRIVETRAIN, LLC as Trustee of the Ignite § | | |
| Restaurant Group GUC Trust, § | § | Adversary Proceeding |
| § | § | No. 19-03520 |
| *Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| NET STAR TELECOMMUNICATIONS, INC., § | | |
| § | | |
| *Defendant* § | | |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Net Star Telecommunications, Inc., Defendant makes this its Original Answer and Defenses to the Complaint of Drivetrain, LLC as Trustee of the Ignite Restaurant Group GUC Trust, Plaintiff as follows:

### Answer to the Complaint

1. Defendant admits paragraph 1 of the Complaint.

2. Defendant admits paragraph 2 of the Complaint to the extent that it describes the nature of the Complaint as filed but denies the remainder.

3. Based on the docket in this case, Defendant admits paragraph 3 of the Complaint.

4. Based on the docket in this case, Defendant admits paragraph 4 of the Complaint.

5. Defendant admits paragraph 5 of the Complaint.

6. Defendant admits paragraph 6 of the Complaint.

7. Defendant admits paragraph 7 of the Complaint.

8. Defendant admits paragraph 8 of the Complaint to the extent that it describes the underlying statute upon which the Complaint is based.

9. Defendant does not confirm its consent to the entry of a final order by this Court in connection with the Complaint and the adversary proceeding herein, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

10. Based on information and belief, Defendant admits paragraph 10 of the Complaint.

11. Based on information and belief, Defendant admits paragraph 11 of the Complaint.

12. Defendant admits paragraph 12 of the Complaint.

13. No averment is necessary to paragraph 13 of the Complaint.

14. Defendant admits paragraph 14 to the extent that Defendant sold goods and services to the Debtor on standard and customary terms in the ordinary course of business. Defendant denies the remainder of the allegations in paragraph 14.

15. Defendant admits paragraph 15 to the extent that Defendant sold goods and services to the Debtor on standard and customary terms in the ordinary course of business. Defendant denies the remainder of the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16. Payments received by Defendant were received in the ordinary course of business between the Defendant and the Debtor and were received within the time and the terms between the parties and were not antecedent debts within the meaning of 11 USC §547.

17. Defendant is without knowledge to admit or deny the allegations in paragraph 17 and therefore denies.

18. Defendant denies the allegations set out in paragraph 18 of the Complaint.

19. Defendant denies the allegations set out in paragraph 19 of the Complaint.

20. No averment is necessary to paragraph 20 of the Complaint.

21. Defendant admits the allegations set out in paragraph 21 of the Complaint.

22. Defendant admits the allegations set out in paragraph 22 of the Complaint.

23. Defendant denies the allegations set out in paragraph 23 of the Complaint.

## Assertion of 11 U.S.C. § 547(c)(2) Defense

24. For defense, Defendant would show that the three payments at issue were (a) on account of a debt incurred in the ordinary course of business or financial affairs of the debtor and the creditor; (b) made in the ordinary course of dealings between the debtor and the creditor; or (c) made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

25. Specifically, Defendant would show that the transactions were for ongoing telecommunications services (dedicated internet access) to multiple locations of Debtor under a Master Services Agreement ("MSA") dated June 24, 2014 between the parties. Invoices were generated monthly for the preceding 30 days of service. Each invoice varied slightly due to the amount of taxes and recovery fees.

26. At the time of the transactions that are the subject of the Complaint, the terms of payment between Defendant and Debtor were forty-five (45) days from the date of invoice. Under the terms of the MSA and prior to January 2017, the terms of payment were thirty (30) days from the date of invoice. Each of the three payments sought to be recovered by Plaintiff was made within the then 45 day due date.

27. Beginning with the first invoice dated September 1, 2014 and continuing through the May 1, 2017 invoice, a period of 32 consecutive months and nearly three years prior to the

filing of Debtor's bankruptcy, the Debtor routinely made payments 37 days after invoice on average. The three payments at issue in this adversary proceeding were made 35, 23 and 22 days after invoice.

27. The amounts of the three invoices and payments that are the subject of the Complaint were the usual amounts charged by Defendant for those services and in most instances were the exact same charges attributable to a given location in prior invoices.

28. There was nothing unusual about the invoices, charges or manner of payment for the three monthly payments that are the subject of the Complaint as compared to the history of invoices, charges and payments between Defendant and the Debtor. Defendant did nothing to take advantage of any deteriorating financial condition of the Debtor. The three payments that are the subject of the Complaint did not deviate from the baseline of dealings between Debtor and Defendant.

29. Notwithstanding the course of dealings between Debtor and Defendant, the provision of services by Defendant and the invoicing and subsequent payments for those services were made according to ordinary business terms generally for such services and is in fact the practice in the industry for such services.

30. Pursuant to 11 U.S.C. § 547(c)(2), the transfers that are the subject of the Complaint are specifically excluded from transfers otherwise avoidable under 11 U.S.C. § 547(b). The Complaint should be dismissed.

## Assertion of 11 U.S.C. § 547(c)(4) Defense

31. For the thirty-two months prior and for four months after the filing of the bankruptcy by Debtor, Defendant provided the services to Debtor on credit. The three transactions at issue in this adversary proceeding therefore meet the test for "New Value" pursuant to 11 U.S.C.

§ 547(c)(4). Specifically, after each such payment, Defendant provided new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant. Stated another way, Defendant gave unsecured new value to the Debtor by providing services on credit terms to the Debtor after each of the alleged preferential payments.

32. Pursuant to 11 U.S.C. § 547(c)(4), the transfers that are the subject of the Complaint are specifically excluded from transfers otherwise avoidable under 11 U.S.C. § 547(b). The Complaint should be dismissed.

### **Defense to 11 U.S.C. § 550**

33. Since the transfers are specifically excluded from avoidance pursuant to either 11 U.S.C. § 547(c)(2) or § 547(c)(4), there are no grounds for recovery under 11 U.S.C. § 550. The Complaint should be dismissed.

WHEREFORE, Defendant respectfully prays that upon final trial Plaintiff take nothing and for general relief.

Dated: July 6, 2019

                                        Respectfully submitted,

                                        /s/ Walter A. Boyd, III
                                        WALTER A. BOYD, III
                                        Texas Bar: 02778985
                                        SDFedID: 6871
                                        4102 Bellaire Blvd.
                                        Houston, TX 77025
                                        (713) 869-1200
                                        (713) 583-4647 facsimile
                                        wb3@walterboyd.com

                                        ATTORNEY FOR NET STAR
                                        TELECOMMUNICATIONS, INC.

CERTIFICATE OF SERVICE

The foregoing was served on all counsel and parties requesting notice through the electronic filing system of the Bankruptcy Clerk of the Southern District of Texas (CM/ECF) on this the 6th day of July, 2019.

/s/ Walter A. Boyd, III
WALTER A. BOYD, III

.